## THE FORTEVIOT.

(District Court, D. Washington, W. D. December 11, 1899.)

SEAMEN.—INSUFFICIENT PROVISIONS—RIGHT TO LEAVE SHIP.

    Seamen who, during the time they served on a voyage, were supplied with less food, on an average, than was called for by their shipping articles, and during a part of the time considerably less, and insufficient for their comfortable maintenance, and who, on making complaint to the captain of being starved, were threatened with being starved worse before the end of the voyage, were justified in leaving the ship before the completion of the voyage for which they signed, and entitled to recover full wages for the time served.

This was a libel by seamen against the British bark Forteviot to recover wages.

Frank Allyn, for libelants.

W. O. Chapman, for claimant.

HANFORD, District Judge. The sole question to be decided in this case is whether the libelants were justified in leaving the ship before the termination of the voyage described in their shipping articles, by reason of having suffered deprivation of sufficient food while they were in the ship. The evidence shows clearly that on the entire voyage, from New York to Shanghai, and thence to Tacoma, the crew were supplied with no potatoes or fresh vegetables, except soup containing vegetables served a few times, and at Shanghai a few small potatoes were given them. They were given, on an average, 1 pound per day of salt meats, and 1 pound per week of fresh meat. This is an actual shortage of nearly 2 pounds per week below what they were entitled to receive, according to the scale of provisions specified in their contract; and all that appears to have been given them as substitutes for their shortage of meat was an average of half a pound of butter and half a pound of marmalade and about one-third

of a pound of beans per week. This is the average for the entire voyage from New York via Shanghai to Tacoma. It is only a little below the specified quantity, but I find from the evidence that during part of the time the rations actually issued were considerably below this average; and the hardships which the libelants had a right to complain of lie in the fact that they were at times deprived of food equal to the scale specified in their contract, or sufficient for their comfortable maintenance. Men at work require sufficient food every day. If a man has sufficient on one day, it will not relieve his distress from hunger a day or a week afterwards. It appears by the ship's provision book that for several successive weeks during the months of October, November, and December the weekly allowance of provisions for the crew of 30 men was as follows: Salt beef, 90 pounds; salt pork, 90 pounds; fresh meat, 30 pounds; hard bread, 210 pounds; peas, 27 pounds; barley, 2 pounds; flour, 45 pounds; rice, 15 pounds; beans, 18 pounds; butter, 15 pounds; marmalade, 15 pounds; besides sugar, tea, coffee, lime juice, and vinegar. For workingmen, this was certainly a scant allowance. It only amounts to 1 pound per day of meat, including bones; 1 pound per day of hard bread; 2 pounds per week of peas, rice, and beans; 1 ounce per week of barley; 1½ pounds per week of flour; ½ pound of butter and ½ pound of marmalade per week,—to each man. The captain, in his testimony, claims that something additional was furnished in molasses and oat-meal porridge; but his testimony as to these matters is vague and indefinite, and he is not corroborated by the provision book, nor by the cook, who testified as a witness for him. The libelants testify that they actually suffered from hunger most of the time, and it is shown that, when they complained to the captain of the ship of being starved, he treated them contemptuously, and threatened to starve them worse before they got back to Liverpool; and, in giving his testimony before the commissioner in this case, the captain showed no disposition to rectify the wrong done to his men, but, on the contrary, admitted that the crew had not received the full quantity of meat specified in the scale of provisions contained in the shipping articles, and declared that they would not be supplied with that quantity in his ship. The libelants were certainly entitled to have the full measure of the scanty allowance of food which they contracted for while serving in the ship, or sufficient to enable them to do their work without suffering from hunger. The contract between them and the ship was first broken by the captain, and, there being no reason to expect better treatment on the long voyage from Tacoma to Europe, I hold that they were legally entitled to quit the service, and to recover full pay at the contract rate up to the time of leaving the ship. A decree will be entered awarding to libelants the following sums: To Harry Roy, $75.05; to Peter Reynard, $79.35; and to Jacob Jacobson, $137.35,—and costs.